In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 OCT 26  P 4: 35
CLERK
S/ D. ST. OF GA.

DR. MARGIE McRAE,                :       CIVIL ACTION

    Plaintiff,            :

        v.                    :

RUSSELL BERGER,                  :

    Defendant.            :       NO. CV205-043


O R D E R

Plaintiff, Dr. Margie McRae, filed the above-captioned case against Defendant, Russell Berger, asserting a federal claim for violation for her Fourth Amendment rights, and state law claims for false imprisonment and wrongful arrest.

Presently before the Court is Berger's motion for summary judgment.  Because Berger had arguable probable cause to believe that McRae committed a crime, the motion will be **GRANTED**.

AO 72A
(Rev. 8/82)

## BACKGROUND

Margie McRae is a medical doctor and lawyer, licensed to practice in California. McRae owns property on St. Simons Island, Georgia, and is in the habit of visiting Georgia regularly. At about 1:00 P.M. on March 2, 2003, McRae pulled into an exact change toll booth on the F. J. Torras Causeway between Brunswick and St. Simons Island. At that time, a toll of thirty-five cents was required to be paid to gain admittance to the island. McRae contends that she had the exact change required when she pulled up to the toll booth.

When McRae attempted to throw her change into the unmanned toll basket, she missed. McRae tried to locate more change in her truck to pay the toll, but could not find exact change to do so. Unsure of her next move, McRae waited in her pickup truck for about five or ten minutes. When it became obvious to her that no assistance or guidance was forthcoming from the authorities running the toll both, McRae got out of her truck, and picked up a quarter and a dime that were located near her truck. McRae alleges that these were her own coins that had missed the toll basket.

After placing the coins in the basket, McRae got in her truck and began to exit the area slowly. However, a Georgia

AO 72A
(Rev. 8/82)

Department of Transportation toll booth operator, Marilyn Rogers, impeded McRae's departure by running in front of McRae's truck and telling her to stop. Rogers saw coins in McRae's hand, and was under the impression that McRae had been taking coins that were not her own from the roadway near the toll booth. Upon Rogers' demand that McRae give Rogers the change in her hand, McRae refused.

McRae maintains that she refused Rogers' demand because the coins in her hand were her own — the change that she found in her truck after missing the toll basket.[1] McRae told Rogers that she was not going to give Rogers her money. McRae asserts that Rogers did not see her when she first approached the basket, or when she attempted to pay, but missed the basket.

Rogers threatened to call the police if McRae refused to hand over the money, and McRae agreed to pull over and wait for the police. Berger was the Brunswick police officer who responded to the call. Upon Berger's arrival, Rogers told the officer that she had seen McRae picking up numerous coins all around the coin basket, and that she saw McRae deposit thirty-five cents in the toll basket.

---

[1] McRae had three quarters, a nickel, and a number of pennies in her hand.

Rogers told Berger that she had demanded the return of the coins that were in McRae's hand, but that McRae refused. While Rogers did not tell Berger that she saw how the coins came to be on the ground, or how many coins she had seen McRae picking up, she did relate to Berger her understanding that any money that falls on the ground at the toll booth becomes state property automatically.

McRae contends that Berger approached her vehicle, and told her "I can arrest you." McRae responded that she could not be arrested on hearsay. Berger then told McRae to give the money back, and McRae responded that there was no proof that the money belonged to the state.[2] When Berger asked McRae if she was going to pay the toll, Plaintiff responded that she had already done so. Berger then took McRae's license and went to his police cruiser to run a license and registration check.

When Berger returned to McRae's pickup, McRae stated "I've already paid the toll, but here's a dollar. I'll pay again." Berger then asked McRae who owned the truck. Because she had already produced her vehicle registration and proof of insurance, she responded "What do you mean whose truck is this?

---

[2] During Berger's deposition, he admitted that at no point did he ask McRae specifically if the money she retrieved from the ground was her own.

You just ran the registration." Berger then clarified his question by asking where Plaintiff got the truck. McRae told the officer that this information was irrelevant.

At that point, Berger told McRae to get out of her vehicle and place her hands behind her back. McRae was placed under arrest, transported to the Brunswick Police Department for booking, and detained at the Glynn County detention center. Berger charged McRae with theft by conversion. After four days in jail, Glynn County State Court Judge Orion Douglass released McRae on her own recognizance. Subsequently, the charges against McRae were dismissed, and the record of her arrest was expunged.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome

of the suit under the governing substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . . ", <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

## DISCUSSION

I.  **Berger Is Entitled to Qualified Immunity Under Federal Law**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). In evaluating a qualified immunity defense, the Court must first determine if the plaintiff's rights were violated at all. <u>Wilson v. Layne</u>, 526 U.S. 603, 609 (1999). The Court need not proceed beyond that inquiry in this case.

McRae argues that Berger violated the Fourth Amendment to the United States Constitution by arresting her without

6

probable cause.  Probable cause is "defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing the offense.'"  Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)).  "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."  Devenpeck v. Alford, 160 L.Ed.2d 537, 544 (2004).

Yet, the probable cause inquiry is not restricted by the offense actually invoked by the officer at the time of the arrest.  Rather, the "officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."  Id. at 545.  In other words, it is sufficient if probable cause exists to believe that any crime was committed.  "[E]venhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer."  Horton v. California, 496 U.S. 128, 138 (1990).

Qualified immunity applies when there is arguable probable cause for an arrest.  If under all the facts known to the officer at the time of the arrest, a reasonable officer could

7

have believed that probable cause was present, arguable probable cause exists. <u>Durruthy v. Pastor</u>, 351 F.3d 1080, 1089 (11th Cir. 2003); <u>Thorton v. Macon</u>, 132 F.3d 1395, 1399 (11th Cir. 1998).

Relevant to the facts here, Georgia law provides that:

> Any person, except an authorized agent or employee of the authority, who removes any coin from the pavement or ground surface within 15 feet of a toll collection booth or toll collection machine, except to retrieve coins the person dropped while attempting payment of that person's toll, shall be guilty of a misdemeanor.

Ga. Code Ann. § 32-10-64(e) (2001).

Rogers related to Berger that she had seen McRae outside her truck picking up numerous coins from all around the coin basket, and that she saw the change in McRae's immediate physical possession after McRae deposited thirty-five cents in the toll basket. Rogers also told Berger that McRae refused to hand over the change when confronted. After discussing the events with Rogers, Berger spoke with McRae about the incident.

McRae does not contend that she ever told Berger that she had only picked up her own coins from the ground. Instead, she told him that "there was no proof that the money belonged to the state." Had she explained that she had only left her truck to retrieve her coins, she may well have diffused the confrontation, and averted arrest.

8

Based on the facts known to Berger at the time of the arrest, a reasonable officer in his position could have determined that probable cause existed to conclude that McRae violated the law by taking coins from near the toll booth that were not her own. Ga. Code Ann. § 32-10-64(e) (2001).[3]

McRae argues that there was no arguable probable cause to conclude that she had committed a crime because Berger did not know of his own knowledge that the coins McRae picked up were not her own. Such an argument is not well-founded. Law enforcement officials need not witness a crime take place to have probable cause to make an arrest.

McRae also asserts that Berger's knowledge that McRae picked up coins near the toll booth could not have given rise to a reasonable conclusion that the coins belonged to the state. Yet, such a fact need not be proven to support the notion that McRae violated the law. If an officer could have reasonably concluded that McRae picked up coins that were not her own, then arguable probable cause existed to conclude that McRae violated the law. In sum, Berger is immune from suit

---

[3] Berger had arguable probable cause to conclude that McRae took coins that were not her own even though Rogers could not tell him the exact number of coins that McRae had picked up. Berger Dep. 50.

AO 72A (Rev. 8/82)

under federal law because he had arguable probable cause to believe that McRae violated Georgia Code section 32-1-64(e).

## II. Berger Is Entitled to Official Immunity Under State Law

McRae asserts that Berger is liable for false imprisonment and wrongful arrest under Georgia law.

The Georgia Constitution provides:

> (d) Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and . . . may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived.

Art. I, § II, ¶ IX(d).

McRae concedes that a police officer's decision to arrest a citizen qualifies as a discretionary act. Under Georgia law, the doctrine of official immunity functions to shield a public employee's discretionary decisions, made in good faith, from a review of his judgment in hindsight. Cameron v. Lang, 274 Ga. 122, 123 & n.6 (2001). Berger contends that there is no evidence that he acted with actual malice, or with a deliberate

intent to commit a wrongful act, and that he is immune from suit under Georgia law as a result. Merrow v. Hawkins, 266 Ga. 390, 391-92 (1996).

The Court agrees that there is no evidence that Berger acted with actual malice in arresting McRae. Rather, the facts demonstrate that the officer had arguable probable cause for the arrest. Berger is entitled to official immunity under Georgia law.

## CONCLUSION

For the reasons explained above, Berger's motion for summary judgment is **GRANTED**. See Dkt. No. 13. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**, this 26th day of October, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA